ELWOOD H. PIXLEY, APPELLANT, *v.* MARGARET INGRAM AND JOHN C. INGRAM, RESPONDENTS.

*Usury — payments alleged to constitute, cannot be deducted from the recovery where the usury is not established and no counter-claim is set up in the answer.*

Where the defense of usury has been interposed, in an action brought upon a promissory note, and a verdict has been rendered in favor of the plaintiff, it is not competent for the court, where the payments, which, it is alleged, constituted the usury, have not been set up in the form of a counter-claim, to hold that the amount of the plaintiff's claim should be reduced by the aggregate amount of such payments.

APPEAL by the plaintiff from an order of the County Court of Erie county, setting aside the verdict and the judgment in his favor and granting a new trial in this action, which order was entered in the office of the clerk of Erie county December 6, 1888.

The action was brought upon two promissory notes, to which the defense of usury was interposed by the defendants, and the issues raised thereby were tried before the Erie county judge and a jury, at a term of the Erie County Court held on the 20th day of November, 1888, at which trial the jury found a verdict in favor of the

plaintiff for the sum of $105.50, upon which verdict judgment was subsequently entered, and on a motion by the defendants for a new trial on the minutes it was ordered that the verdict and judgment be set aside and a new trial was ordered, with costs to abide the event, unless the plaintiff should within ten days stipulate to reduce his recovery in the action by certain amounts which it was claimed had been paid by the defendant to the plaintiff, although such amounts were not set forth in the form of counter-claims in the defendant's answer.

*George Wing*, for the appellant.

*Fitch & Braulein*, for the respondents.

MACOMBER, J.:

This action was brought upon two promissory notes made by the respondent John C. Ingram, and indorsed by the respondent Margaret Ingram, payable to the order of one Albert Church who transferred the same to the plaintiff.

The defense was usury. Evidence of the taint of usury was of a conflicting nature, and the county judge submitted the question fairly to the jury, who have rendered a verdict for the plaintiff, for the amount remaining unpaid thereon, in the sum of $105.50. The learned county judge has granted a new trial upon the ground that, under the undisputed testimony in the case, there has been sundry payments reducing the amount due on the first note to nine dollars and five cents, and the amount due on the second note to thirty-five dollars and fifty-six cents, making due only forty-four dollars and sixty-one cents in all. These several items of so-called payments, which are thus said to be allowable to the defendants, are the precise items of usury which it was alleged had been taken by the plaintiff for repeated extensions of time of payment. There is no evidence that any one of these items was intended by the defendants to be a payment applicable to the reduction of the principal of either of these two notes. They were severally made, as stated before, not by way of diminishing the amount unpaid upon the paper, but as consideration, so-called, for the omission of the plaintiff to insist upon immediate payment of the original notes. The jury having decided in favor of the plaintiff upon the question of usury growing out of these several payments, we do not think it was competent for

the court, under the pleadings, to hold that the amount of the plaintiff' claim should be reduced by the sum total of such payments. The statute (1 R. S., 772, § 3) permits a party who, for any loan or forbearance of money shall pay or deliver any greater sum than is allowed by law, to recover in an action against the person who shall have taken or received the same over and above the legal rate, provided such action shall be brought within one year after such payment. Under this statute it was competent for the defendants to set up as a counter-claim these payments, and, had they done so, the amount found due upon the notes by the jury would have been further reduced by the several sums which were shown to have been paid within a year, or within any time, for that matter, unless the short statute of limitations had been pleaded by the plaintiff in a reply to such counter-claim. There being no counter-claim set up in the answer, the jury would not have been warranted in finding that these usurious payments of money, for the forbearance of collection of the loan, were applicable to the principal sum remaining unpaid. We, therefore, think that the order of the County Court granting a new trial should be reversed, with costs, and judgment ordered for the plaintiff upon the verdict.

All concurred.

Order of County Court granting new trial reversed, with costs and judgment order for plaintiff on the verdict.